BRETT TOLMAN, United States Attorney (#8821)
KARIN M. FOJTIK, Assistant United States Attorney (#7527)
Attorneys for the United States of America
185 South State Street, #400
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | : | |
|---|---|---|
| | | Case No. 2:06 CR 391 DB |
| Plaintiff, | : | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY |
| vs. | : | |
| WAI KIT KWAN, | : | Hon. Dee Benson |
| Defendant. | : | |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining and completing this form:

1. The nature of the charges against me have been explained. I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the government is required to prove in order to convict me.

2. I know that the maximum possible penalty provided by law for Count I of the Information, a violation of Title 18, United States Code, Section 2425, (Use of interstate facilities to transmit information about a minor) is a term of imprisonment of up to five years, a fine of $250,000, and a term of supervised release of up to life. I understand that if the supervised release term is violated, I can be returned to prison for the length of time provided in Title 18, United States Code, Section 3583(e)(3).

Additionally, I know the court is required to impose an assessment in the amount of $100.00 for each offense of conviction and that restitution to the victims of my offenses may be ordered pursuant to Title 18, United States Code, Section 3663.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these facts with my attorney. I further know that the final calculation by the Court for sentencing purposes may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea in spite of that fact.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty," I can persist in that plea.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

>   (a) I have a right to the assistance of counsel at every stage of the proceeding.
>
>   (b) I have a right to see and observe the witnesses who testify against me.
>
>   (c) My attorney can cross-examine all witnesses who testify against me.
>
>   (d) I can call the witnesses I want to call, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.
>
>   (e) I cannot be forced to incriminate myself and I do not have to testify at any trial.

(f) If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

(g) The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

(h) It requires a unanimous verdict of a jury to convict me.

(i) If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7. Under a plea of guilty, there will not be a trial of any kind.

8. I know there is no appellate review of any lawful sentence imposed under a plea of guilty. I also know I may appeal the sentence imposed upon me in this case only if the sentence is imposed in violation of law or, in light of the factors listed in 18 U.S.C. § 3553(a), the sentence is unreasonable.

9. I know the United States may appeal the sentence imposed upon me in this case only if the sentence is imposed in violation of law or, in light of the factors listed in 18 U.S.C. § 3553(a), the sentence is unreasonable.

10. Fully understanding my limited right to appeal my sentence, as explained above, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range as set forth in the final presentence report.

I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review

motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the government's right to appeal my sentence pursuant to Title 18, United States Code, Section 3742(b). However, I understand that the United States agrees that if it appeals my sentence, I am released from my waiver.

I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to, (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

11. I know that under a plea of guilty the judge may ask me questions under oath about the offense to which the plea is entered. The questions, if asked on the record and in the presence of counsel, must be answered by me and, if I give false answers, I can be prosecuted for perjury.

12. I understand that in order for me to found guilty of the charge set forth in the information, the government must prove each of the following *elements* of 18 U.S.C. § 2425, Use of Interstate Facilities to transmit information about a minor, beyond a reasonable doubt:

1. That I used a facility of interstate commerce; specifically the internet;

2. That I knowingly initiated a transmission of the name or electronic mail address of another individual, knowing that individual had not attained the age of 16 years; and

3. That I had the intent to entice, encourage, offer, or solicit any person, to engage in sexual activity for which I could be charged with a criminal offense, or I attempted to do so.

I stipulate and agree that the following *facts* accurately describe my conduct. They provide a basis for the Court to accept my guilty plea and for calculating the sentence in my case:

-4-

Between April 6, 2006 and May 30, 2006, in the Central District of Utah, using a facility of interstate commerce, the internet, I knowingly transmitted the name of a minor, "sweetpaige13" who was in fact an undercover officer, posing as a 13 year old girl. I believed that "sweetpaige13" was 13 years old at the time of the transmissions. In the transmissions, I specifically suggested that "sweetpaige13" and I engage in oral sex. In these transmissions I intended to entice, encourage, offer or solicit, "sweetpaige13" to engage in sexual activity for which I could be charged with a criminal offense under Utah law. These actions were done in violation of 18 U.S.C. § 2425.

13. The only terms and conditions pertaining to this plea agreement between the defendant and the United States are as follows:

    A. The defendant agrees:

        (1) To plead guilty to the information filed charging a violation of 18 U.S.C. § 2425.

    B. The United States agrees:

        (1) To move to dismiss the Indictment at time of sentencing.

        (2) To recommend that I be given a two level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), if I demonstrate acceptance of responsibility for this offense by virtue of my conduct up to and including the time of sentencing. If my offense level is sixteen or greater and I demonstrate an acceptance of responsibility for this offense by virtue of my conduct up to and including the time of sentencing, I understand that the government will, pursuant to U.S.S.G. § 3E1.1(b), move this Court for an additional one level reduction for acceptance of responsibility since I have assisted authorities in the investigation and prosecution of my misconduct by timely notifying the government of my intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and this Court to allocate their resources efficiently. I understand that if, in the opinion of the United

States, Attorney's Office or the United States Probation Office, I have not demonstrated an acceptance of responsibility for this offense, I am not otherwise eligible for consideration of acceptance of responsibility the government will not recommend the acceptance of responsibility reduction of the applicable guideline range pursuant to U.S.S.G. § 3E1.1(a) and will not move this Court pursuant to U.S.S.G. § 3E1.1(b). I further understand that if the government does not make a recommendation for acceptance of responsibility due to my failure to accept responsibility for this offense, it will not be a basis for me to withdraw my guilty plea.

14. I understand that if I knowingly violate any local, state or federal law between now and the time of my sentencing, such offense may constitute a violation of this plea agreement. I also understand that the Court will decide whether a violation of the plea agreement has occurred. If the Court finds that I have breached this agreement by violating any law, I understand that the Court may relieve the government of all obligations and commitments in this plea agreement while leaving intact my plea of "Guilty."

15. I understand that the Court can make no decision as to what the sentence will be until the Presentence Report has been received and reviewed by the judge. I further understand that the Court is not obligated in any way to follow the recommendation of the government concerning sentencing matters. If the Court does not follow the government's recommendation, I know that I will not be allowed to withdraw my plea of guilty.

16. I understand that the Court can and will consider all available information in determining my sentence. I also understand that if I am sentenced to prison, such information may be considered by prison officials in making decisions concerning my incarceration.

17. I know I have a right to ask the Court any questions I wish to ask concerning my rights, or about these proceedings and the plea.

\* \* \* \*

I make the following representations to the Court:

1. I am 35 years of age. My education consists of approximately a Junior High School Education. I can read and understand English.

2. No threats or promises of any sort have been made to me to induce me or to persuade me to enter this plea.

3. No one has told me that I would receive probation or any other form of leniency because of my plea.

4. I have discussed this case and this plea with my lawyer as much as I wish to.

5. I am satisfied with my lawyer.

6. My decision to enter this plea was made after full and careful thought, with the advice of counsel, and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication or intoxicants when the decision to enter the plea was made and I am not now under the influence of any drugs, medication or intoxicants.

7. I have no mental reservations concerning the plea..

8. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I wish to make no changes because all of the statements are correct.

DATED this 23 day of October, 2006.

_____
Wai Kit Kwan
Defendant

I certify that I have discussed this statement with the defendant, that I have fully explained his rights to him, and I have assisted him in completing this form. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea. With the assistance of Ms. Ricky Lee, Cantonese interpreter.

DATED this 23 day of October, 2006.

-7-

*Mr. Rickey Lee*
*Interpreter*

_____
Ruby Ng Lue

_____
Ron Yengich
Attorney for Defendant

This statement sets forth the entire agreement entered into by the United States.
DATED this _____ day of _____ 2006.

BRETT TOLMAN
United States Attorney

_____
Karin M. Fojtik
Assistant United States Attorney